James A. SCHWED, and George H. McMaster, individually, and on behalf of all other persons similarly situated, Plaintiffs,

v.

GENERAL ELECTRIC COMPANY, Defendant.

No. 94–CV–1308.

United States District Court, N.D. New York.

Jan. 17, 1995.

McNamee, Lochner, Titus & Williams Law Firm, Albany, NY, for plaintiffs (David J. Wukitsch, of counsel).

Bond, Schoeneck & King, Albany, NY, for defendant (Richard C. Heffern, of counsel).

## MEMORANDUM–DECISION & ORDER

HURD, United States Magistrate Judge.

Plaintiffs moved this Court pursuant to 29 U.S.C. 216(b) for an order directing defendant to provide the names and addresses of all potential plaintiffs herein and authorizing court-approved notice of pendency of action to be mailed to such potential plaintiffs [1]. The potential plaintiffs are described as salaried, exempt employees, 40 years of age or over, employed by General Electric Company at the Industrial and Power Systems in Schenectady, New York, and involuntarily dis-

---

1. Plaintiffs' motion papers also indicated that they would move the court to certify the class. Defendant objected on jurisdictional grounds. Plaintiffs' reply memorandum clarifies that they are not seeking class certification, but merely a finding of "similarly situated" so that they may proceed with notice to potential plaintiffs. The court, therefore, will not address the class certification issue.

charged, laid off, terminated, downgraded, demoted, or forced to retire from employment by General Electric Company pursuant to or in connection with a staff reduction action and/or layoff announced on or about February 3, 1994 and implemented on or about April 1–4, 1994.

Defendants oppose the motion, stating that it is premature, and the proposed class is too broad. Defendants propose that the potential class be limited to the Sourcing department. The court heard oral arguments on January 12, 1995.

### FACTS

The two named plaintiffs were long-term employees of the Industrial and Power Systems ("I & P")[2] division of General Electric Co. ("GE"). Plaintiff Schwed began employment with GE in 1964, and was ineligible for immediate retirement benefits when laid off effective April 4, 1994. Plaintiff McMaster was employed beginning in 1966, and was involuntarily retired as of April 1, 1994. At the time of their terminations, both plaintiffs were employed in the Sourcing department within the I & P division. With their motion papers, plaintiffs submitted a sworn consent to join the class action, by Douglas Lauser, who was employed in the Decision Support Operation department of I & P, was laid off effective April 4, 1994, and was over age 40 at that time.

Plaintiffs claim that reductions in force (layoffs and early retirements) were done with disparate impact upon employees over the age of forty in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant contends that the reductions were necessary due to budget cuts, and that each department determined the employees to be cut based upon performance, productivity/contribution, adaptability/versatility, criticality of skills and years of service. The General Manager of the Sourcing department approved the cut of 12 exempt positions from that department. The Sourcing department previously had 177 employees, and was an operation within I & P.

**2.** After November 1994 I & P division was reorganized and its name changed to GE Power Systems.

### DISCUSSION

■ The court has discretion to facilitate notice to potential plaintiffs in class actions brought under the ADEA, and to order discovery of names and addresses of the potential class members. *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). The court may exercise that discretion when the plaintiffs establish that similarly situated potential class members exist; however, it is unnecessary to show that putative class members share identical positions. *See Sperling v. Hoffman–La Roche, Inc.*, 118 F.R.D. 392, 405, 407 (D.N.J.1988) (putative class members "victims of single decision, policy, or plan infected by discrimination") (citations omitted), *aff'd*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D.Minn. 1991) (requiring "evidence establishing at least a colorable basis for claim" that similarly situated potential plaintiffs exist); *Frank v. Capital Cities Communications, Inc.*, 88 F.R.D. 674, 676 (S.D.N.Y.1981); *but see Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y.1988) (declining to direct or prohibit notice to potential plaintiffs). Moreover, even where later discovery proves the putative class members to be dissimilarly situated, notice to those preliminarily identified as potential plaintiffs prior to full discovery is appropriate as it may further the remedial purpose of the ADEA. *See Frank*, 88 F.R.D. at 676; *see also Krueger v. New York Tel. Co.*, Nos. 93 CIV. 0178 (LMM), 93 CIV. 0179 (LMM), 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993) (early discovery "may enable more efficient resolution of the underlying issues").

■ It is uncontested that this court has the discretion to authorize notice. Further, the court finds that notice is appropriate at this stage of the litigation. *See Severtson*, 137 F.R.D. at 267. Given the remedial nature of the ADEA and the preliminary stage at which we are in the litigation, plaintiffs need only describe the potential class within

reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.

Plaintiffs have made a reasonable request for discovery and notice. The potential class is limited to employees at a specific geographic location, Schenectady, New York. Plaintiff limits the potential class to salaried, exempt employees receiving notice of adverse employment action on February 3, 1994, which became effective on April 1–4, 1994. The potential class is also limited only to employees in the I & P division, and not extended to all employees in Schenectady. Finally, providing the names and addresses requested will not be unduly burdensome to defendant, as a total of only approximately 500 persons of all ages were affected by the reduction in force at issue here.

The plaintiffs have also provided a sufficient factual basis for a finding that similarly situated potential plaintiffs exist. The complaint alleges employment action which disparately impacted upon persons aged 40 or over. In support of this motion, plaintiffs submitted two affidavits, from former employees of the I & P division in Schenectady. Both affiants state that they were told by their supervisors that the reduction in force determination was made based upon a ranking system. Defendants in opposition submitted the affidavit of Ralph J. Kelsey, General Manager of the Sourcing department, who also states that a ranking system was used to determine reductions. The ranking systems in all three affidavits were similarly described. It remains a question from where the ranking system was derived; however, that question goes to the scope of the notice rather than the appropriateness of notice.

■ The two final issues, therefore, are the appropriate scope of the notice and the form thereof. While both named plaintiffs were employed in the Sourcing department, they argue that notice should be sent to all employees of the I & P division at General Electric, Schenectady, New York, who fit the potential plaintiff description. Where the scope of the notice to be sent is at issue, the court should look at the employer-employee relationship and determine the level of "intracorporate structure at which employment

policies are formulated." *Frank*, 88 F.R.D. at 677. Similarly to the question of the appropriateness of notice, it is the plaintiff's burden to establish which corporate entity fulfills the employer role. *Id.* at 678.

In *Frank*, the court looked at the corporate structure of the entity. Capital Cities Communications, Inc. was the top corporate level, with 5,000 employees. Media was a wholly-owned subsidiary. Media in turn had five divisions, one of which was Fairchild Publications ("FP") with 894 employees. The FP division had six major subdivisions, each individually managed by a senior vice president. The court found that justification existed for sending notice to the employees of FP where that division's affairs were directed by a single corporate officer. *Id.* (refusing to limit notice to a single subdivision). However, the court found an insufficient basis for extending notice to employees of Media, the wholly-owned subsidiary, or Capital Cities, the top corporate level, where the responsible officers' affidavits stated that Media and Capital Cities were not associated with the decision making within FP and plaintiffs failed to specifically contradict the affidavits. *Id.*

Similarly, in this case the corporation, GE, has a multi-level structure. I & P is a division of GE. Documents do not indicate the management hierarchy or number of employees of GE or I & P. The Sourcing department, with 177 exempt domestic employees, is a subdivision of I & P. By affidavit, Kelsey states that the budget reductions were dictated by I & P, but that each department, e.g. Sourcing, was responsible for determining how to achieve the cuts. Further, the Sourcing department cost reduction plan was implemented, in part, by layoffs. According to Kelsey, I & P senior management merely accepted the plan, which did not include the names of individual employees included in the layoff, as submitted by Sourcing. Kelsey further states that he did not consult with any managers outside Sourcing to identify the positions or individuals which would be laid off.

Schwed and Lauser contradict Kelsey's statement, alleging a *division*-wide ranking system used to identify individuals who

would be subject to layoff. Both Schwed and Lauser, who work in different departments within I & P, were notified by their supervisors that a ranking system was used to determine which employees were laid off. Lauser further stated that the ranking system was not developed by his manager, but was handed down from his manager's superiors. Lauser also states that from his discussions with other laid off employees a similar ranking system was used in the Production Management and Finance departments within I & P. At this preliminary stage, the affidavits of Schwed and Lauser sufficiently state facts which, if taken as true, indicate that similarly situated potential plaintiffs exist throughout the I & P division.

At oral argument, defendant cited two additional cases in support of limiting the potential plaintiffs to the Sourcing department. These cases, however, are distinguishable. In *Lusardi v. Xerox Corp.,* 122 F.R.D. 463 (D.N.J.1988), the court decertified a class. In that case, the more than thirteen hundred opt-in plaintiffs were employed in various departments, groups, organizations, sub-organizations, units and local offices at a variety of geographic locations. *Id.* at 465. Additionally, the alleged adverse employment actions occurred "at various times as a result of various decisions by different supervisors made on a decentralized employee-by-employee basis." *Id.* In contrast, the potential plaintiffs in this case are limited to a single geographic area and the adverse employment action occurred at precisely the same time. Additionally, considering the limited number of potential plaintiffs in the I & P division, taken together with the commonalities described above, this court foresees no complications in the manageability of this case. *See id.* at 466.

The second case cited by defendant is *In re Western Dist. Xerox Litigation,* 850 F.Supp. 1079 (W.D.N.Y.1994). This litigation involved twenty-three separate suits brought under the ADEA after decertification of the class in *Lusardi, supra. Id.* at 1081. The extensive discovery in *Lusardi* prior to decertification is noted, including document production, interrogatories, and depositions. *Id.* at 1080–81. Presumably defendant cites this case to demonstrate that permitting notice of pendency to I & P would create burdensome discovery. As discussed above, the facts of the two cases are sufficiently dissimilar to prevent the court from making such an inference. Moreover, at this stage, the named plaintiffs are in the process of identifying potential plaintiffs; no determination has been made regarding class certification. Objection on grounds of excessive burden is premature. The discovery at issue here is the names and addresses of former I & P employees aged 40 and over affected by the April 1994 reduction in force where 500 employees total were affected. Any objections pertaining to additional discovery beyond this will be properly addressed at the time such discovery is requested by the plaintiffs.

Thus, the court finds it appropriate to send notice of pendency of the action to potential plaintiffs in the I & P division in Schenectady, New York, and to permit discovery of the names and addresses of potential plaintiffs as described above. *See Hoffmann–La Roche,* 493 U.S. at 170, 110 S.Ct. at 486; *Severtson,* 137 F.R.D. at 267.

Upon careful review of the proposed notices of pendency and consent forms submitted by both parties, the court authorizes the notice of pendency, Appendix A, and consent form, Appendix B. *See Hoffmann–La Roche, Inc.,* 493 U.S. 165, 110 S.Ct. 482; *Sperling,* 118 F.R.D. at 404; *Allen v. Marshall Field & Co.,* 93 F.R.D. 438, 449 (N.D.Ill.1982); *Krueger,* 1993 WL 276058, at *3 (S.D.N.Y.1993).

Finally, the court notes that this decision pertains only to notice to potential plaintiffs, and does not address class certification. Any question of class certification must await further discovery and must be brought before a district judge. *See* 28 U.S.C. § 636(b)(1)(A), (B).

### CONCLUSION

Accordingly, it is hereby ORDERED that

1) defendant is directed to furnish to plaintiffs' counsel within fifteen days of the date of this order the names and addresses of all salaried, exempt employees at defen-

dant's Schenectady, New York, Industrial and Power Systems division at General Electric Company aged 40 or over on February 3, 1994, who 1) received a notice of lay-off on or about February 3, 1994, and who were in fact separated from employment April 1–4, 1994, and not thereafter reemployed or rehired, or 2) received notice of demotion or downgrade on or about February 3, 1994, who were in fact demoted or downgraded effective April 1–4, 1994, and

2) plaintiffs' counsel is authorized to mail to the employees identified by defendant a notice of pendency of action and consent to join, in the forms attached hereto as Appendix A and B.

## APPENDIX A

### NOTICE OF PENDENCY OF AGE DISCRIMINATION LAW SUIT

TO:  Present and former salaried employees of General Electric Company's Industrial and Power Systems, Schenectady, New York, aged 40 and over, who have been terminated, laid off, demoted, or forced to retire from employment pursuant to the staff reduction actions of General Electric Company announced on or about February 3, 1994 and implemented on or about April 1–4, 1994.

### INTRODUCTION

The purpose of this Notice is to inform you of the existence of a class action law suit in which you may be a member of the plaintiff class, to advise you of how your rights may be affected by this suit, and to advise you of the procedure for participating in this suit if you so desire.

### DESCRIPTION OF THE LAW SUIT

On October 8, 1994, two former employees of General Electric Company Industrial and Power Systems brought this suit against General Electric Company in this federal district court, alleging that they were discriminated against and involuntarily terminated from employment because of their age, in violation of the Age Discrimination in Employment Act and the New York Human Rights Law.  In particular, the plaintiffs have contended that a staff reduction action announced on or about February 3, 1994 and implemented on or about April 1–4, 1994, discriminated, in the selection for termination and layoff, against certain employees aged 40 and over as of February 3, 1994.  One additional former employee has consented to join the plaintiff class.  Plaintiffs seek back pay, forward pay, lost pension and other fringe benefits, money damages and, where appropriate, reinstatement to their former positions.

General Electric Company has denied these charges and denies that it discriminated against any employee based on age in connection with the February 3, 1994 reduction in force.

### COMPOSITION OF THE AGE DISCRIMINATION CLASS

The named plaintiffs sue on behalf of themselves and on behalf of other employees with whom they are similarly situated.  Specifically, they seek to sue on behalf of any and all employees who were, at any time from on or about February 3, 1994:

1.  40 years of age or over;

2.  employed by General Electric Company at the Industrial and Power Systems in Schenectady, New York;

3.  a member of the salaried, exempt work force;

4.  involuntarily discharged, laid off, terminated, downgraded, demoted or forced to retire from employment by General Electric Company;  and

5.  subjected to such adverse employment actions as described in "4" pursuant to or in connection with a staff reduction action and/or layoff announced on or about February 3, 1994 and implemented on or about April 1–4, 1994.

### YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you fit the definition above, you may join this suit (that is, "opt-in").  To "opt-in", you must file a "Consent to Join" form with the

Clerk of the Court, a copy of which is enclosed.

Your eligibility to file a Consent to Join is not affected by your previous filing or failure to file of any charge or complaint of age discrimination with any federal, state or local agency.

Your right to participate may depend, however, upon a later decision that you and the named plaintiffs are all similarly situated.

It is entirely your own decision whether or not to join this suit. You are not required to file your consent or to take any action unless you want to.

### TIME LIMIT FOR FILING CONSENT TO JOIN

To be valid, a written consent to join must be filed with the Clerk of the Court no later than (plaintiffs insert an actual date to be 45 days from date of mailing).

### EFFECTS OF JOINING THIS SUIT

If you choose to join this suit, you will be bound by the judgment whether it is favorable or unfavorable. While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court.

(insert any fees or advances which a plaintiff may be obligated to pay at any stage of the litigation)

### LEGAL EFFECT OF JOINING OR NOT JOINING

If you choose not to join this suit, you will not be affected by the judgment. In other words, if you do not file a consent form and join in this case, you will not receive any damages or other relief if the plaintiffs prevail here. If you choose not to join this suit, you are free to bring your own law suit. You could obtain any damages or other relief only if you began timely independent legal proceedings as prescribed by the Age Discrimination in Employment Act.

If, however, you decide to join this case by filing your consent, you will be bound by the judgment of the Court on all issues in the case.

### YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit as a party plaintiff, it is entirely your decision whether you prefer to be represented by the present plaintiffs' attorney or by an attorney of your own choosing. The attorney for the present plaintiffs is:

David J. Wukitsch, Esq.

McNamee, Lochner, Titus & Williams, P.C.

75 State Street, P.O. Box 459

Albany, NY 12201–0459

(518) 447–3200

### FILING NOTICE OF CONSENT

Attached to this Notice is a form to be used if you wish to be a party plaintiff in this suit. That form must be filled out, signed, and mailed to the Clerk of the Court **postmarked on or before** _____, **1995.** The form should be mailed to the following address:

George A. Ray, Clerk

Alexander Pirnie Federal Building

10 Broad Street

Utica, NY 13501

Unless the Clerk receives the Notice of Consent form postmarked on or before _____, 1995, you may not be allowed to join in this case.

### PROTECTION AGAINST RETALIATION

The Age Discrimination in Employment Act prohibits anyone from discriminating or retaliating against you if you choose to take part in this case.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, HON. DAVID N. HURD, MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF GENERAL ELECTRIC COMPANY'S DEFENSES.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

JAMES A. SCHWED, and GEORGE H. McMASTER, individually, and on behalf of all other persons similarly situated,
Plaintiffs,

vs

GENERAL ELECTRIC COMPANY,
Defendant.

CONSENT TO JOIN

CLASS ACTION

94–CV–1308

(RSP/DNH)

*CONSENT TO JOIN AS A PARTY PLAINTIFF*

I hereby give my consent to be a party plaintiff in this case, and agree to be bound by any settlement or judgment of the court in this action. I affirm that on February 3, 1994, I was

1. 40 years of age or over;

2. employed by General Electric Company at the Industrial and Power Systems in Schenectady, New York;

3. a member of the salaried, exempt work force;

4. involuntarily discharged, laid off, terminated, downgraded, demoted or forced to retire from employment by General Electric Company; and

5. subjected to such adverse employment actions as described in "4" pursuant to or in connection with a staff reduction action and/or layoff announced on or about February 3, 1994 and implemented on or about April 1–4, 1994.

Name ⸻⸻⸻

Address ⸻⸻⸻

⸻⸻

Telephone No. ⸻⸻⸻

Date of Birth ⸻⸻⸻

Signature ⸻⸻⸻

Date ⸻⸻⸻