Doris JACKSON, Jack Russek, Richard J. Simms, James Bunyar, Gerald Conahan and Thomas Osborne, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

NEW YORK TELEPHONE COMPANY and Nynex Corporation, Defendants.

Ellen HAMMILL, John T. McGurk, and Sherzetta Spencer, individually and on behalf of all others similarly situated, Plaintiffs,

v.

NEW YORK TELEPHONE COMPANY, a Company of the NYNEX Corporation, Defendant.

Nos. 94 Civ. 3272(JGK), 94 Civ. 2208(JGK).

United States District Court, S.D. New York.

Sept. 22, 1995.

Vladeck, Waldman, Elias & Engelhard, P.C. by Julian Birnbaum, Suja Thomas, New York City, for Plaintiffs in Jackson.

Law Offices of Leonard N. Flamm by Leonard N. Flamm, New York City, for Plaintiffs in Hammill.

Epstein, Becker & Green by Amy Beech, Matthew Miklave, New York City, for Defendants Nynex and New York Telephone.

## OPINION AND ORDER

KOELTL, District Judge:

Plaintiffs in these two related actions seek an order pursuant to 29 U.S.C. § 626(b) that defendants New York Telephone Company ("NYT") and NYNEX Corporation ("NYNEX") provide to them the name, last known address, and other identifying information for potential class members, and to authorize notice to such persons for the purpose of obtaining written consents. For the reasons explained below, the motion is granted.

With respect to both the *Jackson* case and the *Hammill* case, these actions allege claims under the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"), the New York Human Rights Law, Executive Law § 290 *et seq.*, and with respect to the *Jackson* plaintiffs only, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The claims are based on NYT's September 1993 discharge of employees in accordance with NYNEX's Force Management Plan (the "FMP").

Plaintiffs in both the *Jackson* and *Hammill* cases bring these collective actions on behalf of themselves and other former NYT employees age forty or older who were discharged under the NYNEX FMP. Plaintiffs seek authorization to notify other potential plaintiffs under ADEA, 29 U.S.C. § 626(b), which furnishes an "opt in" mechanism by borrowing the notice provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (1988). Pursuant to 29 U.S.C. § 216(b):

> An action to recover the liability prescribed ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated.* No employee shall be a party plaintiff to any such action *unless he gives his consent in writing* to become such a party and such consent is filed in the court in which such action is brought.

(emphasis added). Accordingly, plaintiffs seek the Court's authorization to provide notice in order to obtain written consents.

■ It is within the Court's discretion to authorize notice and order the defendants to provide names and addresses of similarly situated potential class members to facilitate such notice. *See Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 169, 110 S.Ct. 482, 485, 107 L.Ed.2d 480 (1989); *Braunstein v. Eastern Photographic Lab., Inc.,* 600 F.2d 335, 336 (2d Cir.1978), *cert. denied,* 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1046 (1979). At issue in the pending motion is whether plaintiffs have demonstrated that potential class members are "similarly situated." Plaintiffs may meet this burden by making "substantial allegations that the putative class members were together the victims of a single decision, policy or plan infected by discrimination." *Sperling v. Hoffman–La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J. 1988), *aff'd,* 862 F.2d 439, *aff'd,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *see Krueger v. New York Telephone Co.,* Nos. 93 Civ. 0178, 93 Civ. 0179, 1993 WL 276058 (S.D.N.Y. July 21, 1993) (McKenna, J.). Because this litigation is in its early stages, plaintiffs need merely provide "some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Schwed v. General Electric Co.,* 159 F.R.D. 373, 376 (N.D.N.Y.1995); *see Heagney v. European American Bank,* 122 F.R.D. 125, 127 (E.D.N.Y.1988); *Palmer v. Reader's Digest Ass'n,* 42 Fair Empl. Prac. Cas. (BNA) 212, 1986 WL 11458 (S.D.N.Y.1986) (Haight, J.). The inquiry at the inception of the lawsuit is less stringent than the ultimate determination that the class is properly constituted. As Judge McKenna reasoned in granting a similar motion in two related cases concerning the NYNEX FMP,

> [E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case.

*Krueger,* 1993 WL 276058, at *2. *See also Heagney,* 122 F.R.D. at 127 n. 2 ("[T]he 'similarly situated' requirement ... is considerably less stringent than that requirement of [Rule] 23(b)(3). . . .").

■ Defendants urge the Court to adopt the approach advocated in *Shushan v. Univ. of Colorado at Boulder,* 132 F.R.D. 263 (D.Colo.1990). In *Shushan,* the Court applied the full panoply of Fed.R.Civ.P. 23 class action requirements to the conditional certification of a class in an action for retaliation under ADEA. *See id.,* 132 F.R.D. at 268; *see also Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213–17 (5th Cir.1995) (distinguishing the *Shushan* approach from that followed by the District Court in *Sperling* and other cases). Such a rigorous inquiry at this juncture is excessive in light of the remedial purposes of ADEA and the importance of early judicial management to assure the efficient resolution of similar claims. As explained by the Supreme Court,

> Congress has stated its policy that ADEA plaintiffs should have the opportunity to proceed collectively. A collective action allows age discrimination plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.
>
> These benefits, however, depend on employees receiving accurate and timely notice.

*Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 486, 107 L.Ed.2d 480 (1989). Imposing the demanding requirements of Rule 23 on plaintiffs in the context of notice authorization would frustrate plaintiffs' efforts to proceed collectively and preclude the benefits noted by the Supreme Court. Notice plays an important role in facilitating a collective action and furthering ADEA's remedial purpose. *See, e.g., Schwed,* 159 F.R.D. at 375 ("[E]ven where later discovery proves the putative class members to be dissimilarly situated, notice ... prior to full discovery is appropriate as it may further the remedial purpose of the ADEA."); *Krueger,* 1993 WL 276058, at *2 ("[N]otification at [an early] stage, rather than after further discovery, may enable more efficient resolution of the underlying issues."); *Church v. Consol. Freightways, Inc.,* 137 F.R.D. 294, 306 (N.D.Cal.1991) (explicitly rejecting *Shushan*); *Frank v. Capital*

*Cities Communications, Inc.,* 88 F.R.D. 674, 676 (S.D.N.Y.1981) (Haight, J.) ("[E]xperiences of other employees may well be probative of the existence vel non of a discriminatory policy....").

■ The Court finds that application of the Rule 23 requirements to the question of whether potential plaintiffs are similarly situated is at odds with the well-reasoned conclusions of other courts, the remedial purposes of ADEA, and the prompt and efficient resolution of similar claims. Therefore, at this preliminary notice stage, plaintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme.

■ Unquestionably in the present case, the plaintiffs' ample allegations regarding the FMP create a solid factual basis upon which authorization for notice should be granted. The FMP is alleged to have been a company-wide regime applicable to each of the forty-eight "banding entities" into which employees at risk of involuntary termination were grouped. (*See* Compl. ¶ 24.) The FMP provision exempting recent hires and promotees and the provision favoring recent degree recipients are alleged to have been discriminatory. (*See* Compl. ¶¶ 27–28.) Accordingly, plaintiffs have made substantial allegations of a common discriminatory scheme applied to themselves and others. Notice to other employees discharged or otherwise discriminated against in the implementation of that scheme is therefore warranted.

Defendants argue that the FMP was merely a guideline and that each "banding entity" represented a distinct and independent reduction in force. (*See* Davies Aff. dated Apr. 11, 1995, ¶ 3.) Defendants also point to variations in the actual implementation of various "banding entities" to illustrate how employees faced divergent circumstances. (*See* Da-

vies Aff. ¶¶ 6, 11–13, 15–16, Ex. A, B.) These contentions are supported by an elaborate statistical analysis. (*See* Stoikov Aff. dated Apr. 10, 1995, ¶¶ 3–5, 8–14.) Defendants' assertions are misplaced in the context of authorization of notice because they address the merits of the ADEA claims. *See Krueger,* 1993 WL 276058, at *2 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine whether a 'similarly situated' group exists.").

Defendants attempt to distinguish the present case from *Krueger* on two grounds. First, defendants assert that older workers were not in fact placed at risk disproportionately under the FMP. (*See* Def. Mem. Opp'n Notice at 18.) Second, defendants deny that one of the exclusion provisions had any discriminatory effect. (*See id.*) Both of these arguments are directed to the merits of the plaintiffs' claims, however, and neither undermines the application of the *Krueger* rationale. Just as Judge McKenna held on the facts in *Krueger,* 1993 WL 276058, at *2, defendants here are unable to disturb plaintiffs' fundamental allegation that the FMP, at least with respect to the recent hire/promotee exclusion and the recent degree provision, was the "blueprint" common to all former NYT employees discharged in September 1993.[1] Plaintiffs, therefore, have made the requisite showing that those employees are similarly situated and notice pursuant to 29 U.S.C. § 216(b) is proper.

For the foregoing reasons, the plaintiffs' motion is granted. Defendants are ordered to provide plaintiffs with the names, addresses, and other appropriate identifying information of all former employees age forty or older of New York Telephone Company who were discharged or otherwise allegedly discriminated against on or about September 10, 1993, in the implementation of the

---

1. Equally unavailing are defendants' arguments with respect to differences between the *Jackson* plaintiffs and the *Hammill* plaintiffs. Defendants maintain that the *Hammill* plaintiffs seek to represent a class limited to New York City rather than New York State, that claims are brought solely against NYT, and that ERISA claims are not brought. Nevertheless, the allegation that the FMP and its attendant provisions were ap-

plied to each of the potential plaintiffs affords sufficient similarity. *See Palmer,* 42 Fair. Emp. Prac. Cas. at 212 (plaintiffs need not be identically situated). Also, the parties agreed at oral argument that one of the named plaintiffs in the *Hammill* case, Sherzetta Spencer, was not an employee of NYT and would be dismissed from the action on stipulation.

NYNEX Force Management Plan.[2] Defendants shall provide this information within thirty (30) days of the date of this order. Furthermore, the parties are directed to submit jointly to the Court, within thirty (30) days of this Order, a proposed form of notice to potential plaintiffs, indicating the extent to which the parties disagree, if at all, as to form and the reasons therefor. In view of the notice already approved by Judge McKenna in *Krueger*, it is expected that the parties will be able to agree on the form of notice.

**SO ORDERED.**

See also 163 F.R.D. 446.

**2.** The parties appeared to agree at oral argument on the approximate number of people who would receive notice of their action. As in *Krueger,* it is expected that the parties can agree on the names of those individuals who were involuntarily terminated, discharged, demoted, reduced in pay, forced to retire, furloughed, or laid off from employment by NYT as part of the FMP in September 1993. *See Krueger,* 1993 WL 276058, at *2 n. 4.