527 F.2d 532
 22 Wage & Hour Cas. (BN 629, 78 Lab.Cas. P 33,321
 Dennis SCHMIDT et al., Appellees,
v.
FULLER BRUSH COMPANY and/or Consolidated Foods, Appellant.
CONSOLIDATED FOODS CORPORATION, Petitioner,
v.
The Honorable Miles W. LORD, United States District Judge, Respondent.
 Nos. 75--1641, 75--1643.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 16, 1975.
Decided Dec. 22, 1975.
 
 Curtis D. Forslund, Gray, Plant, Mooty & Anderson, Minneapolis, Minn., for Consolidated Foods (Fuller Brush Co.).
 Clint Grose, Minneapolis, Minn., for Schmidt and others.
 Before HEANEY, BRIGHT and WEBSTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this proceeding, Consolidated Foods Corporation (Consolidated) questions orders of the district court (Judge Miles W. Lord) permitting certain former employees of the Fuller Brush Company, a division of Consolidated, to bring a class action under Fed.R.Civ.P. 23 on behalf of other employees similarly situated seeking compensation allegedly due under provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Consolidated seeks review of the orders establishing the class action by way of a petition for writ of mandamus against Judge Lord as well as through an appeal based on the 'collateral order' doctrine.[1] Consolidated contends that provisions of the Fair Labor Standards Act prescribe procedures different than those authorized under Rule 23 and, accordingly, that the district court possessed no power to order a Rule 23 type class action in this case.
 
 
 2
 We hold that the question raised by Consolidated is reachable in its petition for writ of mandamus and that the class action order in the manner directed by the district court violates the express terms of § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b). This section regulates class action procedures under the Act and permits an employee-plaintiff to represent others similarly situated who 'consent in writing.'
 
 
 3
 I. Proceedings in district court.
 
 
 4
 Dennis Schmidt, Gene Conaway, and Gordon Peterson, for themselves and others similarly situated, allege that they served as area managers for the Fuller Brush Company and that this employer failed to pay them minimum wages and overtime compensation allegedly required under the provisions of the Fair Labor Standards Act. In a separate count, plaintiffs also sought recovery of damages pursuant to provisions of the Truth In Lending Act, 15 U.S.C. § 1601 et seq.[2]
 
 
 5
 After the complaint had been filed in this action, the district court issued its order defining the class as
 
 
 6
 all persons employed by the defendants (Fuller Brush Company and/or Consolidated Foods) to operate, manage, run or to work out of, work in, or work in conjunction with a product center.[3]
 
 
 7
 In addition to defining the class, the court directed a form of notice to the members of the class in conformity with the 'opt-out' provision of Rule 23(c) (2) of the Federal Rules of Civil Procedure, which reads as follows:
 
 
 8
 In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.
 
 
 9
 Consolidated argues that the order of the district court represents a usurpation of power since the class action provisions of Rule 23 have no application to actions under § 16(b) of the Fair Labor Standards Act. Section 16(b), as relevant, reads:
 
 
 10
 Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained against any employer * * * in any * * * court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. (Emphasis added).
 
 Consolidated contends that § 16(b)'s
 
 11
 II. Availability of Mandamus. to the procedure under Rule 23, where potential class members are included within the class unless they opt out. The district court rejected this contention, reasoning that § 16(b) did not conflict with the rule since under Rule 23 members of the class do not attain the status of parties to the lawsuit.
 
 
 12
 II. Availability of Mandamus.
 
 
 13
 II. Availability of Mandamus. with the respondent's contention that mandamus does not lie here since the petitioner has asserted a claim of error in the construction of a statute by the district court. That contention, the argument continues, can be reviewed only by appeal from a final judgment. We disagree. Here, we face the claim that the district court abused its judicial power by authorizing a Rule 23 type class action in direct disregard of a federal statute mandating other procedures for prosecuting a class action under the Fair Labor Standards Act.
 
 
 14
 Recognizing that class actions place an enormous burden of costs and expense upon the parties, courts have, on occasion, reviewed by appeal interlocutory orders granting class action status. See, e.g., Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 169--172, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975); Katz v. Carte Blanche Corp., 496 F.2d 747 (3d Cir. 1974); Herbst v. International Telephone and Telegraph Corp., 495 F.2d 1308, 1311--13 (2d Cir. 1974). But see In re Cessna Aircraft Distributorship Antitrust Litigation, 518 F.2d 213 (8th Cir. 1975).
 
 
 15
 In addition, courts have utilized mandamus to review orders granting class action designation where the issue presented is one of a clear usurpation of power by the district court. Pan American World Airways, Inc. v. United States District Court, 523 F.2d 1073 (9th Cir. 1975); McDonnell Douglas Corp. v. United States District Court, 523 F.2d 1083 (9th Cir. 1975).
 
 
 16
 In the Pan American and McDonnell Douglas cases the petitioners sought mandamus to bar the district judge from notifying the next of kin of passengers who had been killed in airline crashes of the pendency of certain other actions already filed and consolidated for trial in the district court in California. In granting the mandamus petitions the Ninth Circuit based its decisions on the district court's 'usurpation of power.' The court in Pan American said:
 
 
 17
 Mandamus is an appropriate remedy for actions in excess of the district court's power. Will v. United States, 389 U.S. 90, 95--96, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); Schlagenhauf v. Holder, 379 U.S. 104, 110, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). While the distinction between error subject to adequate review on appeal and 'usurpation of power' sufficient for mandamus may not always be clear, cf. Will, supra, 389 U.S. at 95--96, 88 S.Ct. 269, the order in this case falls within the latter category. Notice from the court to potential plaintiffs not authorized explicitly by statute or rule is so extraordinary that review of such actions by mandamus will not frustrate the congressional policy permitting appeals only from final judgments. See Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 382--83, 74 S.Ct. 145, 98 L.Ed. 106 (1953). Furthermore, erroneous notice to potential plaintiffs cannot be remedied on appeal after final judgment. Petitioners cannot be relieved of the burden of actions filed in response to such notice. See id. at 382, 384, 385, 74 S.Ct. 145; DeBeers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945). Finally, as will appear, the disputed order is erroneous not because the district court improperly resolved an issue properly before it but because it acted without authority sanctioned by statute, rule or the equitable powers of a federal court. See Will, supra, 389 U.S. at 95--96, 88 S.Ct. 269. (Pan American World Airways, Inc. v. United States District Court, 523 F.2d at 1076.)
 
 
 18
 The petition for writ of mandamus invokes our jurisdiction to determine whether the district court acted beyond its powers authorized by statute or rule.
 
 
 19
 III. The Merits.
 
 
 20
 In its interpretation of § 16(b), Consolidated relies primarily on LaChapelle v. Owens-Illinois, Inc., supra, 513 F.2d at 286. There, the Fifth Circuit undertook to review an order of the district court dismissing plaintiff's Rule 23 type class action brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621--634. Section 7(b) of that Act, 29 U.S.C. § 626(b), specifically provides that the Act is to be enforced pursuant to provisions of the Fair Labor Standards Act, including the precise section (16(b)) here in question.
 
 
 21
 Thus, the Fifth Circuit was called upon to review the same legal question now before us, that is, whether class actions brought pursuant to § 16(b) may be Rule 23 type class actions. In rejecting the application of Rule 23, the court said:
 
 
 22
 There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent.
 
 
 23
 Rule 23(c) provides for 'opt out' class actions. FLSA § 16(b) allows as class members only those who 'opt in.' These two types of class actions are mutually exclusive and irreconcilable. Since ADEA § 7(b) adopts FLSA § 16(b), we must hold that only 'opt-in' type class actions may be utilized in age discrimination cases. Rule 23 cannot be invoked to circumvent the consent requirement of the third sentence of FLSA § 16(b) which has unambiguously been incorporated into ADEA by its Section 7(b). (Id. at 288--89 (emphasis added).)
 
 The court further noted:
 
 24
 It has been suggested that Rule 23 and FLSA § 16(b), as it applies to ADEA, could be reconciled by reading the phrase 'No employee shall be a party plaintiff * * * unless' as applying only to the named (Rule 23) representatives. Class Actions under the Age Discrimination in Employment Act: The Question is 'Why not?', 23 Emory L.J. 831, 837 (1974). Such a reading, attractive if the objective is to make Rule 23 class actions available in ADEA suits, analytically has the effect of making the third sentence of § 16(b) a nullity, since the second sentence, alone, allows for representative actions and since any second sentence plaintiff would be required to file a written consent to suit--the complaint. ADEA § 7(b) adopts all of FLSA § 16(b). Had Congress desired to read out the third sentence it could have done so. It has not, and we may not. Any argument that the inclusion of the consent requirement undercuts the broad remedial purposes of ADEA should be made to the legislature and not to the courts. (Id. at 289 n. 10.)
 
 
 25
 Appellant has cited no case which has held to the contrary.[4] We adopt the views of the Fifth Circuit relating to the irreconcilability of § 16(b) of the Fair Labor Standards Act and Fed.R.Civ.P. 23.
 
 
 26
 Accordingly, we order that a writ of mandamus issue directing the district court to vacate its order filed June 26, 1974, which directed that the case be tried as a class action; vacate its order filed March 19, 1975, which defined the class and subclass; and vacate its order filed March 19, 1975, which provided for notice to the members of the class in compliance with Rule 23(c) (2).[5] In light of this disposition, we find it unnecessary to consider the same issue presented on the direct appeal (No. 75--1641). Consolidated's appeal attempts also to raise other issues, but since these other issues arise from nonfinal orders of the district court, we lack jurisdiction to review them at this time under 28 U.S.C. § 1291.
 
 
 27
 Accordingly, the appeal in No. 75--1641 is dismissed, but in No. 75--1643, the writ shall issue in conformity with this opinion.
 
 
 
 [1]
 The district court denied plaintiffs' motion for certification under 28 U.S.C. § 1292(b)
 
 
 [2]
 Plaintiffs assert that the district court granted plaintiffs' motion to proceed as a class action only with respect to the claims under the Fair Labor Standards Act. Although the district court order here in question is not expressly so limited, the text of the order indicates that it applies only to the action brought for unpaid minimum or overtime wages
 
 
 [3]
 The district court order also defined three subclasses as follows: subclass A--persons employed by the defendants whose primary duty was to operate, manage, supervise, or run a products center at any time from mid-1970 to July 1973; subclass B--sales counsellors; subclass C--other persons who worked out of, in, or in conjunction with, a products center
 
 
 [4]
 The courts which have faced this issue have uniformly ruled that the 'opt-out' provisions of Rule 23(c) are not applicable to class suits under § 16(b). E.g., LaChapelle v. Owens-Illinois, Inc., supra, 513 F.2d at 289; Sims v. Parke Davis & Co., 453 F.2d 1259 (6th Cir. 1971), cert. denied, 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972), aff'g, 334 F.Supp. 774, 780--81 (E.D.Mich.1971); Cooke v. Reynolds Metals Co., 65 F.R.D. 539, 540 (E.D.Va.1975); Burgett v. Cudahy Co., 361 F.Supp. 617, 622 (D.Kan.1973); see Clougherty v. James Vernor Co., 187 F.2d 288, 290 (6th Cir.), cert. denied, 342 U.S. 814, 72 S.Ct. 28, 96 L.Ed. 616 (1951). In addition, the Advisory Committee's notes to the 1966 amendments to Rule 23 provide that '(t)he present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23, as amended.'
 
 
 [5]
 Whether the court may provide that other employees who may be similarly situated should be given notice of the pendency of this litigation for the purposes of joining in the lawsuit as plaintiffs is not now before us. Should the district court issue such an order, we think it appropriate to note that such an order would undoubtedly raise a 'question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation * * *.' 28 U.S.C. § 1292(b)