**Donald C. SEVERTSON, Gary L. Jones, Richard Swenberger, Mary F. Logeland and Jacob B. Provost, Plaintiffs,**

v.

**PHILLIPS BEVERAGE COMPANY and Ed. Phillips & Sons Co., Defendants.**

No. 3–90 CIV 304.

United States District Court,
D. Minnesota,
Third Division.

June 27, 1991.

Rebecca K. Troth, Jane Lang, Sprenger & Lang, Washington, D.C., Paul C. Sprenger, Jean M. Boler, Thomas L. Garrity, Sprenger & Lang, Minneapolis, Minn., for plaintiffs.

Ernest I. Reveal, Thomas B. Hatch, Nancy J. Nelson, Robins Kaplan Miller & Ciresi, Minneapolis, Minn., for defendants.

## ORDER

ALSOP, Chief Judge.

The above entitled matter comes before the court upon defendants' objection to the February 28, 1991 order of United States Magistrate Judge Franklin L. Noel. The magistrate judge's order is not to be set aside unless it is clearly erroneous or contrary to law. 28 U.S.C. § 1636; Fed. R.Civ.P. 72(a); LR72.1(b).

## I. PROCEDURAL BACKGROUND

Plaintiffs, five former employees of Phillips Beverage Company and Ed. Phillips & Sons Co., filed this age discrimination suit on May 9, 1990, alleging that they were terminated because of their age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The complaint also alleges that the defendants have engaged in a recent pattern and practice of age discrimination in violation of the ADEA, and seeks to bring a claim on behalf of a class defined as:

> All persons who were employed by Phillips, including any of its wholly-owned subsidiaries, whose employment was terminated by or at the direction of Phillips at any time after they became 40 years old, and whose claims are within the applicable limitations period.

Complaint, ¶ 9.

On January 22, 1991, plaintiffs moved the court, per Magistrate Judge Noel, for an order authorizing the sending of a Notice of Rights in Age Discrimination Lawsuit, with a Consent to Join Lawsuit form attached, to all potential opt-in ADEA class members, as the class is defined in plaintiffs complaint. Plaintiffs' counsel sought in addition an order requiring defendants to provide the names and last known addresses of all persons within plaintiffs' proposed class.[1] The magistrate judge granted plaintiffs' motions. Defendants appeal.

## II. DISCUSSION

### A. *Notice*

■ Unlike employment discrimination cases under Title VII, ADEA class actions are not governed by Federal Rule of Civil Procedure 23. The ADEA expressly adopts the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, which authorizes employees to bring collective age discriminations actions "in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b) (made applicable to ADEA actions by 29 U.S.C. § 626(b)). The primary difference between an FLSA class action and a Rule 23 class action is the manner in which the class is formed. Under FLSA, persons become members of the class only if they "opt-in," that is, file a written consent with the court to become a party to the action. Under Rule 23, all persons falling within the class definition are considered members of the class, and therefore bound by the result in the case, unless they affirmatively "opt-out" of the case. *See Schmidt v. Fuller Brush Co.*, 527 F.2d 532 (8th Cir. 1975). In addition, the provisions of Rule 23 authorizing notice to class members does not apply to FLSA, or ADEA, actions. On its face, the FLSA is silent on the issue of notice to potential class members.

In *Hoffman–LaRoche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 488, 107 L.Ed.2d 480 (1989), the United States Supreme Court resolved a split in the lower courts regarding the power of a district court to authorize or facilitate notice to potential plaintiffs in ADEA class actions.

---

1. Plaintiffs also moved to compel discovery of request number one on plaintiffs' first request for production of documents. The magistrate judge granted the motion. Defendants do not challenge this ruling on appeal, and it accordingly will be affirmed. Plaintiffs' motion for an award of costs and fees was denied by the magistrate judge. Plaintiffs have not appealed this denial. Accordingly, the magistrate judge's ruling on this issue is affirmed.

The Supreme Court held that the district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b), as incorporated by 29 U.S.C. § 626(b), in ADEA actions by facilitating notice to potential plaintiffs. *Id.* 110 S.Ct. at 486. The Supreme Court reasoned that section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must be construed to grant the court the "requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to the statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id.* at 486.

Thus, the power of this court to authorize the notice as requested by plaintiffs is now settled. That power is to be exercised, however, only in "appropriate cases," and remains within the discretion of the district court.

As the magistrate judge correctly points out, the Supreme Court in *Hoffman–La-Roche* gives little guidance on how the district court should proceed in determining whether a case is appropriate for court-authorized notice. A review of the reported cases in this area reveals that practices vary widely. Some courts have authorized notice based solely upon the allegations of the complaint. *See, e.g., Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442–45 (N.D.Ill. 1982). Others have authorized notice based on a modest factual showing. *See Sperling v. Hoffman–LaRoche, Inc.*, 118 F.R.D. 392, 406 (D.N.J.1988), *aff'd* 862 F.2d 439 (3d Cir.1988), *aff'd* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). *See also Haynes v. Singer Co., Inc.*, 696 F.2d 884 (11th Cir.1983) (holding district court properly refused to authorize notice where court had before it only counsel's unsupported assertions of widespread violations). One court has insisted on a showing comparable to that required for certification of a class under Federal Rule of Civil Procedure 23 before considering the issue of notice. *Shushan v. University of Colorado*, 132 F.R.D. 263, 268 (D.Colo.1990). Relying on the *Hoffman–LaRoche* Court's approval of early trial court in-

volvement in this type of case, the magistrate judge concluded that the allegations of plaintiffs' complaint alone are sufficient to justify the sending of court-authorized notice to all putative class members, as that class is defined in the complaint. The magistrate judge therefore granted plaintiffs' motion without considering any evidence beyond the pleadings, even though defendants submitted evidence in opposition to the motion.

■ Under the clearly erroneous standard of review, a decision is not to be reversed unless the reviewing court is left with a definite and firm conviction that a mistake has been made. *United States v. Griffin*, 922 F.2d 1343, 1347 (8th Cir.1990). After careful consideration, the undersigned concludes that the magistrate judge's ruling on this issue must be reversed.

■ With regard to the existence of a class of similarly situated employees, plaintiffs' complaint alleges, in conclusory fashion, that each of the five plaintiffs' terminations were part of a "recent pattern and practice of eliminating older, more highly paid employees and replacing them with younger, lesser paid employees." Complaint, ¶¶ 3, 4, 5, 6, 7. The factual allegations to support the allegations of a pattern and practice of age discrimination assert that the defendant companies operate jointly, and that the headquarters in Minneapolis controls "virtually all aspects of employment" of the 750 employees. Complaint, ¶ 8. Plaintiffs also allege that they have observed the termination of other older employees and their replacement by younger people. Complaint, ¶¶ 17, 18.

These allegations, standing alone, are an insufficient basis for determining whether sending court-authorized notice is appropriate. In seeking court-authorized notice, plaintiffs are in effect asking this court to assist in their efforts to locate potential plaintiffs and thereby expand the scope of this litigation. As a matter of sound case management, a court should, before offering such assistance, make a preliminary inquiry as to whether a manageable class exists. Moreover, the sending of notice

and consent forms to potential plaintiffs implicates concerns in addition to orderly case management. The courts, as well as practicing attorneys, have a responsibility to avoid the "stirring up" of litigation through unwarranted solicitation. This is not to suggest that plaintiffs' counsel's request for notice in this case is in any way improper. Indeed, attorney solicitation of potential clients through direct mail is protected speech under the First Amendment. *Shapero v. Kentucky Bar Ass'n*, 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988). Nevertheless, this court feels a responsibility to assure that there is some factual basis for plaintiffs' claims of class-wide discrimination before judicial approval of the sending of notice is granted. A factual showing is particularly appropriate in this case given that defendants have challenged the allegations of the complaint by submitting affidavits and deposition testimony tending to show that no widespread practice of discrimination exists at the defendant companies.

■ Certainly, court-authorized notice need not await a final determination that the "similarly situated" requirement is satisfied. Such a requirement would indeed place an ADEA class action in the "chicken and egg limbo" about which the magistrate judge was concerned. Requiring a showing that there is some factual basis for the class allegations, however, hardly places an unreasonable burden on the plaintiffs. To obtain court authorization to send the proposed notice, plaintiffs must submit evidence establishing at least a colorable basis for their claim that a class of "similarly situated" plaintiffs exist.

B. *Discovery of Potential Plaintiffs*

■ Defendants also object to that portion of the magistrate judge's order granting plaintiffs' motion to compel discovery of the names and addresses of all persons who fall within plaintiffs' proposed class definition. The magistrate judge concluded that this information is discoverable as a method of facilitating the notice process. Because the order authorizing notice has been found to be in error, the order compel-

ling discovery ancillary to the notice must also be reversed. If, on remand, the magistrate judge finds court-authorized notice appropriate, the discovery should be allowed. If the magistrate judge is not satisfied that notice is warranted, this discovery should be allowed only if plaintiffs can show it is discoverable for some reason other than facilitating notice to potential plaintiffs.

Accordingly, upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED That:

1. The order of the magistrate judge authorizing notice as proposed by plaintiffs is REVERSED;

2. The order of the magistrate judge compelling discovery of the names and addresses of potential Age Discrimination in Employment Act class members is REVERSED;

3. The February 28, 1991 order of Magistrate Judge Franklin L. Noel is in all other respects AFFIRMED; and

4. This matter is remanded to the magistrate judge for rehearing on the matter of court-authorized notice and discovery of potential plaintiffs under the standards enunciated in this order.