Bonnie **BELCHER**, Barbara Bennett, Tammy Coward, Darrell Grant, and Sue Judd, on behalf of themselves and all others similarly situated,

v.

**SHONEY'S, INC.**

No. 3:96–0001.

United States District Court, M.D. Tennessee, Nashville Division.

May 6, 1996.

Morris Reid Estes, Jr., Randolph S. Jackson, Jr., Nashville, TN, for plaintiffs.

Keith D. Frazier, Nashville, TN, Thomas Oswald Helton, Chattanooga, TN, for defendant.

### MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court is Plaintiffs' Motion for Expedited Court–Supervised Notice to Prospective Class Members and an Order Compelling Defendant to Expeditiously Disclose the Identities of Similarly Situated Employees (Docket No. 44) and Defendant's Response (Docket No. 87).

On May 3, 1996, the Court heard oral argument on the Motion. The Court provi-

sionally GRANTS the Plaintiffs' Motion on the terms and conditions contained herein.

Five individual Plaintiffs, who have worked on an hourly basis and/or under a fluctuating pay plan at the Defendant's restaurants, have brought this action under the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq.* (hereinafter "FLSA"). The Plaintiffs claim that the Defendant has failed to properly compensate them for all the hours they have worked and, therefore, owes them unpaid wages and overtime compensation and other damages. The Plaintiffs have brought this suit for themselves and in a representative capacity as a collective action on behalf of others "similarly situated" under 29 U.S.C. Section 216(b).

This Court has subject matter jurisdiction under 29 U.S.C. Section 216(b) and 28 U.S.C. Section 1331.

The FLSA specifically provides for collective actions through an "opt-in" procedure:

> ... An action to recover the liability [for violations of Sections 206 or 207] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought ...

29 U.S.C. § 216(b).

Plaintiffs' Motions raise at least four questions: (1) whether a Section 216(b) notice should be sent with court-supervision; (2) who should receive the notice; (3) how far back in time the notice should cover; and (4) what the notice should say?

■ The Supreme Court has made it clear that the collective action provisions of the FLSA, 29 U.S.C. Section 216(b), authorizes a trial court to issue court-supervised notice to potential class members. In *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), the Court reasoned that the class action provision of the FLSA conferred upon trial courts the requisite procedural authority to manage the process of joining additional parties. Court-supervised notice, the Court explained, assures that the notification procedure will be accomplished in an efficient, accurate manner. 493 U.S. at 169–73, 110 S.Ct. at 486–87.

■ Although it is clear that the court may supervise notice to potential class members, the lower courts have not agreed as to the factual showing that must be made by a plaintiff to show who is "similarly situated" at the notice stage. Some courts hold that a plaintiff can demonstrate that potential class members are "similarly situated," for purposes of receiving notice, based solely upon allegations in a complaint of class-wide illegal practices. *See, e.g., Allen v. Marshall Field & Co.,* 93 F.R.D. 438, 442–45 (N.D.Ill.1982). Other courts hold that a plaintiff meets this burden by demonstrating some factual support for the allegations before issuance of notice. *See, e.g., Jackson v. New York Telephone Co.,* 163 F.R.D. 429, 431 (S.D.N.Y. 1995). This Court finds it unnecessary to adopt either of the competing standards because the Plaintiffs have made a sufficient showing under either standard that the individuals to whom they seek to send notice of this lawsuit are "similarly situated" to them to warrant the issuance of Court-supervised notice. The Court is not holding at this time, however, that all members of the potential class who will be sent notices are, in fact, similarly situated to Plaintiffs.

■ The record before the Court and the statements made during oral argument persuade the Court that the Plaintiffs have made a sufficient showing that Shoney's, Inc. has failed to properly compensate these employees as required by the FLSA to warrant notice being sent to prospective class members.

Sections 206 and 207 of the FLSA generally require that employers pay employees specific hourly rates for up to 40 hours per week and pay overtime compensation of one and one-half times the regular rate for hours worked in excess of forty hours. 29 U.S.C. §§ 206, 207.

Employees paid under a fluctuating pay plan under the FLSA must receive a fixed weekly salary as straight time pay for whatever hours they are called upon to work

during a particular workweek. 29 U.S.C. § 207(g)(3) and 29 C.F.R. § 778.114.

Plaintiffs have submitted 24 affidavits, which indicate that hourly employees have been worked "off the clock." The affidavits also indicate that employees who have been paid under a fluctuating pay plan have not been paid their guaranteed weekly salary for workweeks in which the employee did not work a full schedule of hours. This guaranteed weekly salary, according to several affiants, was also reduced for restaurant cash shortages and/or casualty losses.

The affidavits indicate that these practices were not limited to a single store or region. As a group, the affiants have worked at Defendant's restaurants in Tennessee, Alabama, Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, North Carolina, and South Carolina. In addition, Plaintiffs represented to the Court during oral argument, and the Defendant did not dispute, that over 400 individuals have already filed Consents to join this action, and that those individuals represent 22 states and over 200 cities. (See also Affidavit of Roberta M. Parks, Docket No. 478).

Accordingly, the Court provisionally GRANTS the Plaintiffs' request for expedited court-supervised notice to prospective class members.

■ At this stage, however, the Court does not approve the sending of Notice to employees who have worked only at Defendant's concept restaurants other than Shoney's, such as Captain D's, Pargo's, and Barbwire. The evidence before the Court indicates that none of the named Plaintiffs were employed at these other concept restaurants. Furthermore, of the 24 affidavits filed by Plaintiffs, only one affiant, Deborah McCarthy, has worked at any of these other concept restaurants. She was employed at a Captain D's restaurant over 12 years ago. Accordingly, the Notice approved by this Order shall be limited to employees and former employees of the Shoney's concept restaurants.

■ The applicable maximum statute of limitations is three years. 29 U.S.C.A. § 255. Thus, at this time, the Notice shall be sent only to the relevant employees who were employed within the three year period prior to the date the Complaint was filed. Plaintiffs have alleged that the statute of limitations is tolled. This is an open issue to be resolved pending further proof.

The Court heard oral argument regarding the "Notice" and "Consent to Become Party Plaintiff" form to be sent by the Plaintiffs. The Court hereby approves the attached "Notice" and "Consent to Become Party Plaintiff" form. The record before the Court indicates a likelihood that there are similarly situated employees who would benefit from an awareness of the pending suit.

Plaintiffs are authorized to send the "Notice" and "Consent to Become Party Plaintiff" form to present and former employees of Shoney's, Inc. who were paid on an hourly basis or under a fluctuating pay plan and who were employed at a Shoney's, Inc. concept restaurant within the three (3) years prior to the date the Complaint was filed in this case. All "Consent to Become Party Plaintiff" forms shall be filed with the Court on or before July 24, 1996.

■ Defendant is hereby ORDERED to disclose to the Plaintiffs the names and last known mailing addresses of all individuals to be sent the "Notice" and "Consent to Become Party Plaintiff" on or before May 20, 1996. That is, all present and former employees of Shoney's, Inc. who were paid on an hourly basis or under a fluctuating pay plan and who were employed at a Shoney's, Inc. concept restaurant within the three (3) years prior to the date the Complaint was filed in this case. If technically feasible, Defendant shall produce this information to the Plaintiffs in a computer format compatible with the computer hardware and software of counsel for Plaintiffs.

It is so ORDERED.

## ATTACHMENT

### NOTICE

TO: Present and Former Employees of Shoney's, Inc., Who Were Paid On An Hourly Basis Or Under A Fluctuating Pay Plan And Were Employed At A Shoney's Concept Restaurant Within the Past Three (3) Years

RE: Fair Labor Standards Act Lawsuit Filed Against Shoney's, Inc.

## 1. INTRODUCTION.

The purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you potentially are "similarly situated" to the named Plaintiffs, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit, should you decide that it is appropriate and should you choose to do so.

## 2. DESCRIPTION OF THE LAWSUIT.

On January 2, 1996, Bonnie Belcher, Barbara Bennett, Tammy Coward, Darrell Grant, and Sue Judd brought this lawsuit against Defendant Shoney's, Inc. on behalf of themselves and all other past and present employees of Shoney's, Inc. who have been paid on an hourly basis or under a fluctuating pay plan, in the United States District Court for the Middle District of Tennessee, alleging that they are owed unpaid wages and overtime pay under the Fair Labor Standards Act:

(a) This lawsuit alleges that Shoney's, Inc. has violated the Act with regard to hourly workers as follows: (1) employees are worked off the clock; (2) employees are not paid for attendance at required employee meetings; (3) employees are not paid for on-duty waiting time; (4) employees who work different jobs with different pay rates are paid minimum and/or overtime wages at the pay rate applicable to the lowest paying job; (5) servers are paid the server's rate of $2.13 an hour for performing non-server jobs for which no tips are received and which require that minimum wage or greater be paid; and (6) break time is deducted from the paychecks received by hourly and/or nonexempt employees even though such employees do not receive an uninterrupted 30–minute break.

(b) This lawsuit also alleges that Shoney's, Inc. has violated the Act with regard to employees paid under a fluctuating pay plan by failing to pay the guaranteed weekly salary for workweeks in which a full schedule of hours is not worked; by failing to pay such employees on a "salary basis" by, for example, subjecting their wages to deductions for restaurant cash shortages and/or other casualty losses; and by failing to compensate such employees for all hours worked in a given workweek.

Plaintiffs alleged that they are entitled to recover unpaid wages and overtime pay for all the years that Defendant Shoney's, Inc. failed to properly compensate them because the actions of Shoney's, Inc. were willful. Plaintiffs also seek an additional equal amount as liquidated damages and/or prejudgment interest, attorneys' fees and costs. This lawsuit is currently in the early pretrial stage.

Shoney's, Inc. has denied Plaintiffs' allegations that it engages in these practices.. Shoney's, Inc. also maintains that any failure to properly compensate employees was without the knowledge and contrary to the instructions of appropriate management officials. Shoney's, Inc. states that it exercised good faith in its application of the Fair Labor Standards Act to its employees.

## 3. COMPOSITION OF THE CLASS.

The five named-Plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. Specifically, the Plaintiffs seek to sue on behalf of any and all employees who are or have been, at any time within the past three (3) years:

(a) employed at a Shoney's, Inc. concept restaurant that was owned and operated by Shoney's, Inc., on an hourly basis or under a fluctuating pay plan; and

(b)(i) regarding employees paid on an hourly basis, did not receive wages or overtime as a result of the practices described in Paragraph 2(a); and/or

(ii) regarding workers paid under a fluctuating pay plan, did not receive wages or overtime as a result of the practices described in Paragraph 2(b); or were "subject to" a policy which allegedly violated the "salary basis" requirement as described in Paragraph 2(b). The term "subject to" means that an employee could have been the object of an illegal practice, even if he or she was not actually the object of an illegal practice.

For example, this would include an employee whose salary could have been illegally reduced but whose salary was not actually reduced.

### 4. YOUR RIGHT TO PARTICIPATE IN THIS SUIT.

If you fit the definition above, you may join this suit (that is, you may "opt in") by mailing the "Consent to Become Party Plaintiff" form to Plaintiffs' counsel at the following address:

M. Reid Estes, Jr., Esquire
Stewart, Estes & Donnell
SunTrust Center
424 Church Street, 14th Floor
Nashville, Tennessee 37219
1–800–644–6610

in sufficient time to have Plaintiffs' counsel file it with the federal court on or before **July 24, 1996.** If you fail to return the "Consent to Become Party Plaintiff" form to Plaintiffs' counsel in time for it to be filed with the federal court on or before the above deadline date, you may not be able to participate in this lawsuit.

If you file a "Consent to Become Party Plaintiff" form, your continued right to participate in this suit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" in accordance with federal law.

### 5. EFFECT OF JOINING THIS SUIT.

If you choose to join in the suit, you will be bound by the Judgment, whether it is favorable or unfavorable. While this suit is proceeding, you may be required to respond to written questions, sit for depositions and/or testify in court.

The attorneys for the class plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate the class representatives as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiffs will be binding on you if you joint this lawsuit.

### 6. NO LEGAL EFFECT IN NOT JOINING THIS SUIT.

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit.

### 7. NO RETALIATION PERMITTED:

Federal law prohibits Shoney's, Inc. from discharging or in any other manner discriminating against you because you have exercised your rights under the Fair Labor Standards Act.

### 8. YOUR LEGAL REPRESENTATION IF YOU JOIN:

If you choose to join this suit, your interests will be represented by the named Plaintiffs through their attorneys, as counsel for the class. Counsel for the class are:

M. Reid Estes, Jr., Esq.
R. Scott Jackson, Jr., Esq.
Stewart, Estes & Donnell
SunTrust Center
424 Church Street, 14th Floor
Nashville, Tennessee 37219
1–800–644–6610

### 9. COUNSEL FOR SHONEY'S, INC.:

The attorneys for the Defendant Shoney's, Inc. are:

T.O. Helton, Esq.
Baker, Donelson, Bearman & Caldwell
A Professional Corporation
1800 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450
(423) 756–2010
Keith D. Frazier
Baker, Donelson, Bearman & Caldwell

A Professional Corporation
511 Union Street, Suite 1700
Nashville City Center
Nashville, Tennessee 37219
(615) 726–5600

### 10.   FURTHER INFORMATION.

Further information about this Notice, the deadline for filing a "Consent to Become Party Plaintiff," or questions concerning this lawsuit may be obtained by writing or telephoning Plaintiffs' counsel at the number and address stated above.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, HONORABLE TODD J. CAMPBELL, FEDERAL DISTRICT COURT JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANT'S DEFENSES.**

### *CONSENT TO BECOME PARTY PLAINTIFF*

By my signature below, I represent to the Court that I meet the definition contained in paragraph three (3) of the "Notice" describing "Composition of the Class," and I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiffs and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

---

SIGNATURE (Sign Your Name)

---

(Print Name)

---

(Street Address)

---

(City, State, Zip)

---

(Telephone Number)

---

(Social Security Number)

PLEASE RETURN THIS FORM IN TIME FOR FILING WITH THE COURT BY JULY 24, 1996, TO:

M. Reid Estes, Jr., Esq.
Stewart, Estes & Donnell
SunTrust Center
424 Church Street, 14th Floor
Nashville, TN 37219
1–800–644–6610
Counsel for Plaintiffs