**Justin PRITCHARD, et al., Plaintiffs,**

v.

**DENT WIZARD INTERNATIONAL CORP., Defendant.**

No. C2–02–022.

United States District Court,
S.D. Ohio,
Eastern Division.

Aug. 6, 2002.

John William Ferron, Rebekah Stasha Sinnott, Ferron & Associates, Columbus, OH, for plaintiffs.

Douglas R. Matthews, Vorys, Sater, Seymour & Pease, Columbus, OH, John B. Renick, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, Ira Gutt, Behar Gutt & Glazer PA, Miami, FL, for defendant.

## OPINION AND ORDER

SARGUS, District Judge.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated employees of Defendant. Plaintiff also asserts supplemental state law claims under Chapter 4111 of the Ohio Revised Code. This matter is now before the Court for consideration of Defendant's Motion to Dismiss Claims on Behalf of Persons Other Than Plaintiff pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. # 10) and Defendant's Motion for Leave to File Instanter a Supplemental Memorandum in Support of its Motion to Dismiss (Doc. # 27). The Court has jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1367.

For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion to Dismiss and the Court **DENIES** Defendant's Motion to File a Supplemental Memorandum in Support of its Motion to Dismiss.

## I. BACKGROUND.[1]

Plaintiff, Justin Pritchard, was employed by Defendant Dent Wizard International Corporation as a commissioned paintless dent removal technician from May of 2001 through October 12, 2001. *Complaint* ¶¶ 2, 7. Plaintiff was compensated on a straight commission basis. *Id.* at ¶ 7. Plaintiff claims that Defendant did not maintain accurate time records of the actual hours he worked. *Id.* at ¶ 9. Plaintiff contends that he worked between 50 and 55 hours per week and was not paid overtime wages as required by federal and state law. *Id.* at ¶ 8.

Plaintiff brings this suit on behalf of himself and all persons who have been, at any time since February 4, 1999, employed with Defendant in Ohio as a commissioned paintless dent removal technician. *Id.* at ¶ 11. Plaintiff claims violations of the overtime provisions provided by the Fair Labor Standards Act of 1938 ("FLSA"), 19 U.S.C. § 216(b) and by Ohio's analogous statute, the Minimum Fair Wage Standard Act, Chapter 4111 of the Ohio Revised Code, O.R.C. § 4111.03. *Id.* at ¶¶ 28, 30.

Defendant moves to dismiss Plaintiff's claims made on behalf of persons other than himself for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Doc. # 10).

## II. STANDARD

A motion to dismiss based on Rule 12(b)(1) for lack of subject matter jurisdiction must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir.1990). A Rule 12(b)(6) motion may be decided only after establishing subject matter jurisdiction since the Rule 12(b)(6) challenge becomes moot if this Court lacks subject matter jurisdiction. *Id.* (citing *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946) asserting that a motion to dismiss for failure to state a cause of action may be decided only after establishing subject matter jurisdiction, since determination of the validity of the claim is, in itself, an exercise of jurisdiction).

The Sixth Circuit has distinguished between facial and factual attacks among motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). A facial challenge is an attack on the court's subject matter jurisdiction that takes the ma-

---

**1.** As required by the current procedural posture, the following Background section of this Opinion and Order assumes the truth of the allegations in the Complaint.

terial allegations of the complaint as true and construes them in a light most favorable to the nonmoving party. *Singleton v. United States,* 277 F.3d 864, 870 n. 4 (6th Cir.2002) (citing *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990)). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). Because Defendant does not dispute the facts that give rise to this Court's jurisdiction, it presents a facial challenge, as opposed to a factual challenge, to federal subject matter jurisdiction. *See generally RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134–35 (6th Cir.1996).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir.1987) (*en banc*). In reviewing the dismissal, this Court must construe the complaint liberally in the non-movant's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). A "complaint need not set down in detail all the particularities of a plaintiff's claim," *Westlake,* 537 F.2d at 858, the complaint must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99. Thus, a 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. *Cheriee Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III. ANALYSIS

Defendant claims that the Court does not have jurisdiction over this case because there is a pending suit brought by the Secretary of Labor against Defendant, and the relief pursuant to that suit is the exclusive remedy available to all employees of Defendant. *Defendant's Memorandum in Support of Defendant's Motion to Dismiss Claims on Behalf of Persons Other Than Plaintiff,* at 4 [hereafter *"Defendant's Memorandum in Support"*]. Further, Defendant argues that Plaintiff is not similarly situated to those whom he claims to represent. Thus, Defendant concludes that Plaintiff cannot state a claim on which relief can be granted on behalf of those potential plaintiffs under federal or state law. *Id.* at 2–3. Finally, Defendant asks for leave to file a supplemental memorandum to his motion to dismiss. *Defendant's Motion for Leave to File Instanter a Supplemental Memorandum in Support of Motion to Dismiss Claims on Behalf of Persons Other Than Plaintiff* [hereafter *"Defendant's Motion for Leave to Supplement"*]. The Court will discuss Defendant's claims and request, *seriatim.*

### A. Subject Matter Jurisdiction

■ The Secretary of Labor is involved in a pending lawsuit against Defendant in the United States District Court for the Eastern District of Missouri, Case No. 4:01CV958 TIA. The Secretary of Labor's Complaint seeks compensation for unpaid overtime wages allegedly due Defendant's employees for the period of time between October 1, 1998 and June 4, 2001. Consequently, under the FLSA, the Secretary's suit is the exclusive remedy for those named employees for that specified time period. Section 216(c) of the FLSA states:

The right provided by subsection (b) of this section to bring an action by or on behalf of any employee to recover the liability specified in the first sentence of such subsection and of any employee to become a party plaintiff to any such action *shall terminate upon the filing of a complaint by the Secretary* in an action under this subsection in which recovery is sought of unpaid minimum wages or unpaid overtime compensation under sections 206 and 207 of this title or liquidated or other damages

provided by this subsection owing to such employee by an employer liable under the provisions of subsection (b) of this section, unless such action is dismissed without prejudice on motion of the Secretary.

29 U.S.C. § 216(c) (emphasis added).

Section 216(c) of the FLSA clearly removes a plaintiff's right of private action once that plaintiff is included in the Secretary of Labor's action against an employer for the period of time named in the Secretary's action. Thus, the Court has jurisdiction over only the claims made by Plaintiff and those similarly situated to Plaintiff who are not named in the Secretary of Labor's lawsuit, and are not making claims for unpaid overtime for the period of time between October 1, 1998 and June 4, 2001. Those for whom the Secretary of Labor files an action are limited to that exclusive remedy. For those similarly situated employees who are named in the Secretary of Labor's suit, they may only pursue their claims in this Court for the period following June 4, 2001.

Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is GRANTED IN PART and DENIED IN PART.

### B. Failure to State a Claim Upon Which Relief Can Be Granted

Defendant argues that Plaintiff did not plead sufficient facts to present claims on behalf of persons, other than himself, upon which relief can be granted. Specifically, Defendant claims that Plaintiff is not similarly situated to the persons he seeks to represent and that the FSLA does not permit class actions. *Defendant's Memorandum in Support*, at 2.

■ Defendant is correct that the FLSA does not permit the certification of a class of plaintiffs under Rule 23(b) of the Federal Rules of Civil Procedure. *Miklos v. Gollman–Hayden Companies, Inc.*, No. 2:99–CV–1279, 2000 WL 1617969, at *1 (S.D.Ohio Oct. 24, 2000); *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir.1975). Section 216(b) of the FLSA, however, specifically provides for a collective action to be brought by a complaining employee on behalf of other "similarly situated" employees. Section 216(b) provides:

Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Courts commonly employ terms such as "class" and "certification" when discussing Section 216(b) claims, even though such terms are hallmarks of Rule 23 litigation and are not mentioned in Section 216(b). FLSA representative claims, however, are clearly governed by Section 216(b) and not Rule 23.

One important rationale for distinguishing between Rule 23 class actions and FLSA collective actions is that the requirements of Rule 23 are designed to protect the due process rights of absent class members, whereas in an FLSA "opt-in" collective action the requirements need not be strictly observed because there are no absent class members for the court to protect. *Curtis v. Sbarro, Inc.*, 982 F.Supp. 249, 263 n. 17 (S.D.N.Y.1997) (citation omitted). The procedural protections of Rule 23 are unnecessary in a Section 216(b) class action because of the statute's "opt-in" requirement. A plaintiff who "opts in" presumably has decided that the benefits of joining the class outweigh any benefits of bringing an individual action. That is to say, there is no need for the court to determine whether a class action is the most efficient method to proceed because each individual plaintiff has already concluded that a sufficiently common issue of fact or law exists and that he or she will be adequately represented. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987), *mandamus granted in part, appeal dismissed sub nom., Lusardi v. Lechner*, 855 F.2d 1062 (3rd Cir.1988), *vacated in part on other grounds and remanded.*

In addition, certification under Rule 23(b) ensures that unnamed plaintiffs are adequately represented and given notice of the

suit because those parties will be bound by the judgment, for better or worse, unless they opt out of the class action. *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809–14, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir.1998) ("To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them.") (*citing Hansberry v. Lee,* 311 U.S. 32, 42–43, 61 S.Ct. 115, 85 L.Ed. 22 (1940)). In a Section 216(b) action, no one is bound by the judgment unless they "opt-in." *Sims v. Parke Davis & Co.,* 334 F.Supp. 774, 782 (E.D.Mich.1971) aff'd 453 F.2d 1259 (6th Cir. 1971) (unlike Rule 23, individuals can neither benefit from nor be bound by any judgment rendered under a Section 219(b) representative action). Also, there is no danger that named plaintiffs are not representative of unnamed plaintiffs, because all plaintiffs will be identified, and, as discussed below, the "similarly situated" test will ensure that all parties are properly joined in the same action. *Bonilla v. Las Vegas Cigar Co.,* 61 F.Supp.2d 1129, 1136 (D.Nev.1999). "The § 216(b) requirement that plaintiffs consent to the suit serves essentially the same due process concerns that certification serves in a Rule 23 action." *Id.*

Section 216(b) of the FLSA provides that only "similarly situated" employees may utilize this "opt-in" procedure. "In order to establish that other employees are similarly situated to the named plaintiff, the named plaintiff 'need only show that [his] position [is] similar, not identical,' to the positions held by the putative class members." *Viciedo v. New Horizons Computer, Learning Center of Columbus, Ltd.,* No. 2:01–CV–250, slip. op. (S.D.Ohio December 4, 2001) (citing *Riojas v. Seal Produce, Inc.,* 82 F.R.D. 613, 616 (S.D.Tex.1979) and *Schwed v. General Elec. Co.,* 159 F.R.D. 373, 375 (N.D.N.Y.1995) and *Allen v. Marshall Field & Co.,* 93 F.R.D. 438, 443 (N.D.Ill.1982)). Thus, putative class members "whose causes of action under the FLSA accrued at about the time and place in the approximate manner of the named plaintiff would be similarly situated and can opt into the action." *Id.* (citing *Miklos,* 2000 WL 1617969, at *1).

In *Miklos,* this Court explained that the opt-in provision of Section 216(b) "requires some procedure for identifying the potential class members. The first step, of course, is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt into the action." 2000 WL 1617969, at *1. In *Viciedo,* this Court discussed what is required of a plaintiff to show others are similarly situated at the notice stage stating:

> In *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), the "Supreme Court … made it clear that the collective action provisions of the FLSA, 29 U.S.C. § 216(b), authorize a trial court to issue court-supervised notice to potential class members." *Belcher v. Shoney's, Inc.,* 927 F.Supp. 249, 251 (M.D.Tenn.1996). "That power is to be exercised, however, only in 'appropriate cases,' and remains within the discretion of the district court." *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266 (D.Minn. 1991). However, the Supreme Court "gives little guidance on how the district court should proceed in determining whether a case is appropriate for court-authorized notice." *Id.* Furthermore, "the lower courts have not agreed as to the factual showing that must be made by a plaintiff to show who is 'similarly situated' at the notice stage." *Belcher,* 927 F.Supp. at 251. The United States Court of Appeals for the Sixth Circuit has not addressed this issue.

*Viciedo,* No. 2:01–CV–250, slip. op. at 4 (S.D.Ohio December 4.2001).

This Court went on to explain the standards that have been set forth for the purpose of identifying potential class members that are similarly situated stating:

> "Some courts hold that a plaintiff can demonstrate that potential class members are 'similarly situated,' for purposes of receiving notice, based solely upon allegations in a complaint of class-wide illegal practices." *Belcher,* 927 F.Supp. at 251. *See, e.g., Allen v. Marshall Field & Co.,* 93 F.R.D. at 438. "other courts hold that a plaintiff meets this burden by demonstrating some

factual support for the allegations before issuance of notice. *Belcher,* 927 F.Supp. at 251. *See, e.g., Jackson v. New York Telephone Co.,* 163 F.R.D. 429, 431 (S.D.N.Y. 1995). However, authorized notice [need only be] based on a modest factual showing." *Severtson,* 137 F.R.D. at 266. Courts requiring a factual showing "have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." *H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D.Tex.1999) (citations omitted). The *Severtson* court reasoned that

> [r]equiring a showing that there is some factual basis for the class allegations, however, hardly places an unreasonable burden on the plaintiffs. To obtain court authorization to send the proposed notice, plaintiffs must submit evidence establishing at least a colorable basis for their claim that a class of "similarly situated" plaintiffs exist. 137 F.R.D. at 267.

*Viciedo,* No. 2:01–CV–250, slip. op. at 4–5 (S.D.Ohio December 4, 2001).

■ In the case *sub judice,* the Court concludes Plaintiff has sufficiently alleged a collective action under Section 216(b) of the FLSA. Plaintiff meets his burden of showing he is similarly situated to those whom he requests to represent under either standard set forth above. In the less restrictive standard, *i.e.,* demonstrating "similarly situated" based upon allegations in the complaint of class-wide illegal practices, the Court concludes that Plaintiff has set forth allegations of Defendant's class-wide practice of not paying overtime wages to its paintless dent removal technicians. Under the more restrictive standard, *i.e.,* requiring factual support for the class allegations in the amended complaint, the Court concludes that Plaintiff has set forth sufficient factual support for his class allegations in his Amended Complaint. Plaintiff has sufficiently alleged that there were numerous paintless dent removal technician's employed by Defendant in Ohio, that

all of these technicians were paid on a commission basis, and Defendant did not pay these technician's overtime for certain periods of time. Whether many or few of these technicians choose to opt-in to this suit, or are capable of opting-in to this suit, remains to be seen. At this stage of this stage of the litigation, however, the Court cannot conclude that Plaintiff can prove no set of facts that would entitle him, or those he would represent, to relief.

Likewise, the Court concludes that Plaintiff has sufficiently alleged a cause of action under Ohio's Minimum Fair Wage Standard Act, Chapter 4111 of the Ohio Revised Code. Ohio Revised Code § 4111.03, incorporates the standards set forth by the FLSA. As a result, Plaintiff's state-law overtime compensation claim necessarily survives if his FLSA claim survives. *Gibbs v. Montgomery County Agric. Soc'y.,* 140 F.Supp.2d 835, 844 (S.D.Ohio 2001).

Accordingly, Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted is DENIED.

### C. Leave to File Supplemental Memorandum in Support of Defendant's Motion to Dismiss

Defendant requests leave to file a memorandum to supplement its motion to dismiss. Defendant asks to be allowed to supplement the record with Plaintiff's responses to interrogatories. Defendant argues that *if* the Court considers the affidavit submitted by Plaintiff in his Memorandum in Opposition to Defendant's Motion to Dismiss in ruling on Defendant's Motion, then the Court should also consider facts admitted by Plaintiff in his interrogatory responses. (Doc. # 27).

The Court, however, did not consider the affidavit submitted by Plaintiff in his Memorandum in Opposition. Thus, the Court will not consider Defendant's submission of Plaintiff's responses to interrogatories. Accordingly, Defendant's Motion to File Supplemental Memorandum in Support is DENIED.[2]

---

**2.** The Court notes that if it were to consider either the affidavit or the Plaintiff's responses to interrogatories, this Rule 12(b)(6) motion would be converted to a Rule 56(c) motion. If a court

relies upon matters outside the record, the moving party (here Defendant) has the burden of showing there are no genuine issues as to any material facts, as the motion shall be treated as

## IV. CONCLUSION

Defendant's Motion to Dismiss is **GRANTED IN PART and DENIED IN PART.** (Doc. # 10). Specifically, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED** as to any of Defendant's employees that are named in the Secretary of Labor's suit against Defendant, who are making claims for the period of time between October 1, 1998 and June 4, 2001. Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **DENIED** as to any of Defendant's employees who are not named in the Secretary's suit or who are making claims for a period of time that is not between October 1, 1998 and June 4, 2001. Defendants Motion to Dismiss for failure to state a claim upon which relief can be granted is **DENIED.**

Defendant's Motion for Leave to File Supplemental *Memorandum in Support of Defendant's Motion to Dismiss* is **DENIED.** (Doc. # 27).

**IT IS SO ORDERED.**

---

one for summary judgment. Fed.R.Civ.P. 56(c); *RMI Titanium Company v. Westinghouse Electric Corp.,* 78 F.3d 1125, 1134 (6th Cir.1996). The Court *does not elect to convert the motion to dismiss to a motion for summary judgment.*